JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MARK SMITH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SERGEI VINKOV, <br><br> Defendant. | Case No.: EDCV 20-01070-CJC(SPx) <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [Dkt. 16]** |

**I. INTRODUCTION**

Plaintiffs Mark Smith and Solar Forward Electric, Inc. ("Solar Forward") brought this action against *pro se* Defendant Sergei Vinkov in Riverside County Superior Court on February 20, 2019. (Dkt. 16-3 [Declaration of Paul Levine, hereinafter "Levine Decl."] at Ex. B [Complaint, hereinafter "Compl."].) Plaintiffs assert three state law claims for slander, libel, and trade libel against Vinkov. (*Id.*) On June 1, 2020, Vinkov

-1-

removed the action to this Court. (Dkt. 3 [Notice of Removal, hereinafter "NOR"].) Now before the Court is Plaintiffs' motion to remand. (Dkt. 16 [hereinafter "Mot."].) For the following reasons, that motion is **GRANTED**.[1]

## II. BACKGROUND

The facts leading to the instant dispute between Plaintiffs and Defendant are straightforward. Plaintiff Mark Smith owns Solar Forward, a company that installs solar panels at businesses and residences. (Compl. ¶ 1.) At some point in late 2018, Vinkov posted a series of negative comments about Solar Forward on Facebook, Google, and Yelp. (*Id.* ¶ 6.) Specifically, Vinkov warned future Solar Forward consumers to "be careful with this company," asserted that Solar Forward had "awful customer service," and stated that Solar Forward "is not certified by the NABCEP [North American Board of Certified Energy Practitioners]." (*Id.*) Plaintiffs contend that these statements were defamatory and caused Solar Forward to lose clients. (*Id.* ¶ 22.) Based on these allegations, Plaintiffs sued Vinkov for libel, slander, and trade libel in Riverside County Superior Court. (*See generally id.*)

Much has happened in the state court proceeding over the past sixteen months. Vinkov answered the Complaint and filed a crossclaim against Plaintiffs. (Levine Decl. at Ex. C.) Plaintiffs responded by filing an Anti-SLAPP motion pursuant to California Code of Civil Procedure § 425.16. (*Id.* at Ex. F.) On July 10, 2019, the court granted that motion and dismissed Vinkov's crossclaim. (*Id.* at Ex. G.) Vinkov then filed a series of unsuccessful motions, including three to recuse the presiding Judge, the Honorable Angel Bermudez. (*Id.* at Ex. K.) On May 14, 2020, Plaintiffs filed a motion

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for July 20, 2020 at 1:30 p.m. is hereby vacated and off calendar.

to deem Vinkov a vexatious litigant. (*Id.* at Ex. R.) That motion is still pending. Trial was originally scheduled for June 19, 2020, but was postponed due to the COVID-19 pandemic. (*Id.* ¶ 16.) On June 1, 2020, Vinkov removed the action pursuant to 28 U.S.C. § 1446(b)(3). (*See* NOR.) Plaintiffs' motion to remand followed shortly thereafter.

### III. LEGAL STANDARD

A civil action brought in state court may be removed by the defendant to a federal district court if the action could have been brought there originally. 28 U.S.C. § 1441(a). Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Accordingly, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### IV. DISCUSSION

In deciding whether to grant Plaintiffs' motion, the Court must determine whether this case was properly removed under the procedures set forth in 28 U.S.C. § 1446. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) (holding that failure to comply with section 1446 makes remand appropriate). Section 1446 governs the time limits within which a defendant may remove a civil action from state court. *See* 28 U.S.C. § 1446(b). Specifically, it provides "two thirty-day windows during which a case may be removed—[1] during the first thirty days after the defendant receives the initial pleading or [2] during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable'

if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)(3)). These time limits are "mandatory and a timely objection to a late petition will defeat removal." *Fistoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1989).

Vinkov's removal in this case was untimely. Plaintiffs initially filed this action on February 20, 2019, but Vinkov did not attempt remove it until June 1, 2020—nearly sixteen months after it was filed. (*See* Compl.; NOR.) Thus, section 1446's first thirty-day window is inapplicable and Vinkov's removal was only timely if it was filed within thirty days of him receiving an "amended pleading, motion, order or other paper from which it may *first* be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). Vinkov asserts that Plaintiffs filed an amended pleading on May 8, 2020 and contends that this amended pleading triggered a new thirty-day window for him to remove. (*See* NOR at 2.) This argument fails.

An amended pleading can provide a defendant with a fresh thirty-day window to remove a case, but only if that pleading reveals for the first time that a case is removable. 28 U.S.C. § 1446(b)(3). That did not occur in this case. In May 2020, Plaintiffs filed an amended pleading for the limited purpose of correcting a clerical error. (Levine Decl. at Ex. S.) Specifically, their amended pleading changed the case caption to reflect the fact that the name of the corporate Plaintiff is "Solar Forward Electric Inc.," not "Solar Forward." (*Id.*) Plaintiffs filed this amended pleading "out of an abundance of caution [to ensure that] all proper parties are in line for the jury trial." (*Id.*) Outside of this minor change, the amended pleading is identical to the original one. (*Id.*) It does not assert any new claims, nor does it assert any new theories of recovery.

Vinkov offers no explanation for how this clerical amendment somehow made this action removable for the first time. Nor could he do so persuasively. Section 1446's

removal clock is not reset each time an amended pleading is filed—rather, the reset occurs only if the amended pleading includes new information which allows the defendant to ascertain for the first time that the action is removable. 28 U.S.C. § 1446(b)(3). Of course, that standard has not been met here given that Plaintiffs' amended pleading merely altered the name of a party in the case caption—it did not include any new facts or claims relevant to removability. If this action was indeed removable, Vinkov should have removed it back in early 2019 when it was originally filed.[2] Because Vinkov's removal was untimely under section 1446, Plaintiffs' motion to remand is **GRANTED.** *See Fistoe*, 615 F.2d at 1212.

Plaintiffs also request nearly $11,000 in attorneys' fees and costs for filing the motion to remand. (Dkt. 16-1 [Declaration of Bret D. Lewis].) "Courts may award attorney's fees under [28 U.S.C. § 1447(c)] only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

In this case, Vinkov did not have an objectively reasonable basis to seek removal because removal was plainly foreclosed by 28 U.S.C. § 1446. However, "[i]n determining whether to award attorneys' fees in cases involving improper removal by a *pro se* defendant, courts accord significant weight to the defendant's lack of representation." *Capital One, N.A. v. Sepehry-Fard*, 2018 WL 4773535, at *3 (N.D. Cal. Feb. 1, 2018) (internal quotations omitted). The Court is mindful of Vinkov's *pro se* status and, in its discretion, declines award Plaintiffs their requested attorneys' fees and costs. *See Quality Investment Grp., Inc. v. Silverman*, 2020 WL 1322954, at *2 (N.D.

---

[2] Given the glaring procedural deficiencies in Vinkov's removal, the Court need not address the substantive question of whether it would have had original jurisdiction over this action pursuant to either 28 U.S.C §§ 1331 or 1332.

Cal. Mar. 20, 2020) (declining to award fees even though there was no reasonable basis for removal because defendant was *pro se*). Accordingly, that request is **DENIED.**

## V.  CONCLUSION

For the following reasons, Plaintiffs' motion to remand is **GRANTED**. This action is hereby remanded to Riverside County Superior Court.

DATED:     July 6, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE